RESEARCH CORPORATION Good morning, and may it please the court. Wait, let's just wait. Oh, I'm sorry. Again, may it please the court. The district court in this case agreed, and appellees do not dispute, that if the Formed Selection Clause of the Exclusive License Agreement applies, then the district court in California was incorrect to dismiss this case using the so-called first-file rule. So this case principally comes down to the legal question of whether Huawei plausibly pleaded that it was a third-party beneficiary of the ELA. Can I ask you a question? You're not conceiving, are you, that if you're not a third-party beneficiary either at all or for any purpose other than Section 2.1, that Section 2.1 doesn't provide you a defense to infringement in the Texas action? I want to make sure I heard the question. There are a lot of negatives in there. Can you plead the defense of 2.1 in the Texas action, even if we affirm the district court in its conclusion that you're not a third-party beneficiary? I am hesitant to say yes. I will answer it this way, Judge Toronto. I will say we would like to be able to plead that, and I believe that we have pled that. The concern is that without the benefit of discovery, without the benefit of even leave to replead, our claim, claim number 11, alleging that we were a third-party beneficiary, was dismissed under Rule 12b-6. So there's a risk that that ruling could end up barring us in the Texas action from being able to plead that. If we were to change that dismissal, as the other side invites us to do, into a first-to-file dismissal, what then? Well, I think we'd then be free to plead it or pursue that defense in the Texas action. In addition to that, though, we would still have the problem of a suit that was arising out of or related to the ELA would then be being pursued in a jurisdiction that is not the, quote, exclusive jurisdiction that is called for by the ELA. I guess at its core, the problem here seems to me to be that 2.1 says you can't be sued for certain things. Right. I'm not sure why third-party beneficiary status is necessary for you to invoke that as a defense. And second, I'm not sure that third-party beneficiary status is all or nothing as to the entire contract. Maybe it gives you the right to enforce 2.1, but not the Foreign Selection Clause. Why did they stand or fall together? Okay, so you suggested two possibilities, one of which is that we would be able to enforce 2.1 in Texas, but not necessarily in California. And I suppose it's very possible that they might not stand together. The problem is, of course, that once you look at the question of whether Huawei is a third-party beneficiary for purposes of Section 2.1, you see the error that the district court made. In particular, the district court never even cited the principal case that should control this analysis, which is the Prudy decision out of the California Court of Appeal. Right, but the way that Prudy is written is to say that there, I think it was Section 6, was an exception to the other broad there are no third-party beneficiaries clause in the agreement. That did not, it's not written to say that because there is one exception, namely Section 6 in that case, that the plaintiff there could enforce all other obligations in the agreement. That felt like a direct analogy to here. You can enforce Section 2.1, but not the Foreign Selection Clause. Well, I think that the Foreign Selection Clause here really does go hand-in-hand with the Section 2.1 promise that we're down to the benefit of the class of customers that includes our client. In part because the ELA is written so that disputes about the agreement arising out of or related to, it's broader than just the ordinary well-pleaded complaint arising out of or related to. It says, and the parties adjusted their expectations this way, and certainly Huawei, which was aware of the agreement, had reason to rely on this, that the disputes will be litigated in California, either state or federal court. Here it would have to be federal because it's a patent claim, but not in the Eastern District of Texas. I think that was quite a reasonable reading on Huawei's part. I'm not going to push back, of course, on this because if we're allowed to assert this in Texas, and that's where we have to assert it, we will. That's the pragmatic reality of this case. But then that doesn't give any effect to the adjustment of where and whose law this agreement is to be construed under. The way Prudy was written was to say there's a very clear provision like 11.3 here. There are no third-party beneficiaries. But there's another provision that is so clearly inconsistent with that within a particular scope, we have to treat that as an exception. It seems to me at best 2.1 meets that standard of so clear an inconsistency, but that the Foreign Selection Clause does not. Well, I appreciate the court's point, Your Honor, with regard to that. But I think the problem is that once you are serving a benefit under the contract, then it is the right thing to do under the contract to assert that in the place where the contract says exclusive jurisdiction for such disputes are to be litigated. And the fact of the matter is that once you have gotten to the point where we have a well-pleaded claim here, and we do, that should have survived 12b-6 and Rule 12 practice, then we as the declaratory plaintiffs, our choice of forum is the one that's dictated indeed by the contract that gives us these rights. It would seem a bit strange for us to simply say, well, you know, we're asserting rights under this contract that says in the Foreign Selection Clause that everything arising out of or related to the dispute between the parties, this contract rather, shall be litigated in the courts of California. And then to simply say, well, no, that should be litigated in Texas. I think that it does follow that if you do have a dispute under the contract, that the Foreign Selection Clause follows that you would go to the forum selected by the contract and selected by the parties in the case. Could you address the alter ego claim issue? Sure. The district court dismissed the alter ego claim as a compulsory counterclaim under Rule 13a. And the error that the court made there is pretty clear, Judge Raynaud. If you look at page A13 of the district court's order, the court quotes only the first phrase of Federal Rule 13a.1. And that's the part that says a pleading must state as a counterclaim any claim that at the time of its service the pleader has against an opposing party and stops the quote there and applies that as the ruler. What the court didn't do is go on to 1a and, for that matter, didn't quote the term if the claim, and this is the condition for being a compulsory counterclaim, if the claim arises out of the transaction or occurrence that is the subject matter of the opposing party's claim. Had it applied that proper rule under Rule 13, it could not have found the alter ego claim to be a compulsory counterclaim. Why wouldn't it be a logical relationship between the claim and the counterclaim? Well, let me, I think I was going to answer that here. So the claim, the complaint in Texas is Smartphone and Acacia saying Huawei, FutureWay, you infringe. This case is about your actions. The alter ego defense is Acacia, Smartphone, all of the rest of you, you're all the same. That's about their actions, about their corporate structure. That's not the same transaction or occurrence. That's not arising out of it. Isn't it true that the very ability of Smartphone and Acacia to bring the action, their standing derives from the exclusive license agreement, which therefore puts their standing, one or both together, at issue as the threshold to their affirmative infringement. And if that is the case, Judge Toronto, then that case too should have been brought in California because the case is related to the ELA. And you can make that motion, right? And we have certainly made a motion to transfer, which has been pending for nigh upon a year, given the practice of that court to not rule on transfer motions until certain pre-trial things are concluded. So we have, in theory we have the ability, and I certainly do not want to walk out of this court having disclaimed the ability to make these arguments. But the fact remains that the district court erred by not even taking into account the Prudy decision, which says in a very specific provision, don't fire our former employees, in the same way that this agreement says don't sue our customers. And Section 2.1, could it not be a basis for, I was going to say implied license, but it feels actually like an express license, wholly apart from any third-party beneficiary standing to enforce it? Indeed it could, Your Honor. Indeed it could. And again, we're not litigating the Texas case in front of this court. As I think we started our brief, our blue brief in this case, this is a case about where this dispute should proceed. And it all comes back to the ELA. And even though the ELA was produced to us in this case after the initial complaint, even the initial complaint showed an awareness and pled its contents on information and beliefs. Once we had it in hand, we pled it, we attached it to the complaint. And it's our position here that this case, because of the ELA, should proceed in California, because that is what any claim arising out of or related to the license agreement, where it should take place. Again, I'll not disclaim anything with regard to the Texas action, but we believe that this case should go forward in California. I'll save the rest of my time for rebuttal unless the court has further questions. Okay. Good morning, Your Honors, and may it please the court. I'll pick up on my colleague's last point about whether Huawei plausibly pled a third-party beneficiary claim. If this court agrees with the district court's opinion to dismiss the third-party beneficiary claim pursuant to Rule 12b-6, then that disposes of the issues with respect to Account 11, the third-party beneficiary claim. And although California law is more liberal when it comes to extrinsic evidence and pleading a third-party beneficiary claim, California law has its limits. And those limits are provided in the Balsam case, the Herbie case, the Skill Staff case. It's not error to dismiss a third-party beneficiary claim without providing discovery. Can I just ask, you've left me with the impression that you're just as happy if we transform the two non-first-of-file dismissals into first-of-file dismissals, which would then allow them to press, whether as, I guess, as defenses or as affirmative counterclaims in Texas, what's now their Claim 11 and Claim 16. Yes, Your Honor. Huawei not only can argue Section 2.1 is affirmative defense in the Texas action, it has done so. Discovery is proceeding in the Eastern District of Texas on that issue. So I don't disagree with you on that point. What happens to that claim if we affirm on 12b-6? I think if the Federal Circuit agrees with the District Court that the third-party beneficiary claim did not properly state a cause of action, then I believe that would be dispositive of that counterclaim in the Eastern District of Texas, which, if Your Honor so mind, I think it's appropriate to update the Court on what has gone on in the Eastern District of Texas. It's been months since the filing of these briefs. That case is very far along. It's the case where both appellants are Texas corporations, the smartphone is a Texas corporation, and the three parties are litigating this case in their home forum. Two Markman hearings have been held. I'm sorry, this is while for a year or more a motion to transfer has been pending? Correct, Your Honor. The motion to transfer, I believe, briefing ended in approximately the end of the year, December of 2012, I believe. Since that time, there's been two Markman hearings, and I was just going to update, Your Honor, on the deadlines in the Eastern District of Texas. We are eight months from a trial setting. The trial is set for June 9, 2014. The Court recently decided the appellant's motion to dismiss the first filed Texas action. This information is not in the brief. I just want to make clear about that, correct? Yes, Your Honor. I apologize. Okay. I just thought that the updated aspects of the Eastern District of Texas case, including discovery proceeding on the exact issues in front of this Court, the third-party beneficiary claim in their non-affirmative defense relevant to Section 2.1, shows the practical result here, that the first filed rule is particularly appropriate in these circumstances. Just to be very clear about something, I think you said in response to Judge Reyna, is it your position that if we affirm the 12B6 dismissal on the merits of Claim 11, that they lose in Texas their ability to defend against infringement on the basis of Section 2.1? Your Honor, I'm sorry about Ms. Cope, but I think there's two different issues there. I think the third-party beneficiary counterclaim could not proceed in the Eastern District of Texas, but the affirmative defense that Section 2.1 prevents Smartphone from suing any access customer relevant to any infringement of any patent, regardless of the product purchase or service purchase from Access, that affirmative defense, I believe, could proceed. I'd also like to make a couple other points, unless Your Honor has other questions on those issues. If this Court's decision with respect to the District Court's opinion turns on the applicability of the Forum Selection Clause, that particular decision by Judge Guilford to not allow the Forum Selection Clause to be applicable, that's an abuse of discretion standard on Forum Selection Clause's applicability. By the way, can I ask you on this legal question, which Prudy at least suggests an answer to, but I wasn't, in the time that I put into it, able to plumb the depths of it. Is third-party beneficiary law an all-or-nothing proposition in this particular sense? If a plaintiff comes in and says, I'm a third-party beneficiary of a contract that imposes two obligations on the defendant, and obligation number one is really pretty clear, that was intended to benefit the plaintiff, but obligation number two doesn't have anything to do with that. Is the law, whether under the restatement or other jurisdictions or California, that you can be a third-party beneficiary for purposes of one, but not all, obligations in the contract? Your Honor, the third-party beneficiary argument is not an all-or-nothing proposition. Section 1559 of the California Code states that if a contract is made expressly for the benefit of a particular third party, then that third party might be able to enforce what was made expressly for that third party's benefit. Here, the argument that the Form Selection Clause was made expressly for Huawei's benefit is an implausible reading of the Form Selection Clause. This Court could agree that the Form Selection Clause does not apply, even if this Court finds that discovery is appropriate in the District Court, or that there's a remand with respect to the Section 2.1 issue. I don't believe that it's an all-or-nothing proposition. So, are we able here on appeal to apply the first-to-file rule to those issues where the District Court did not? Yes, Your Honor. That holding to apply the first-to-file rule, essentially affirming the District Court on another ground,  In fact, I believe that would be a narrower finding. The first-to-file rule is a general proposition. And as I said earlier, the circumstances here are particularly appropriate to apply the first-to-file rule. This litigation is duplicative. It's unnecessary. It's exactly what the first-to-file rule was meant to prohibit. And the second filed action is a declaratory judgment action in response to a patent infringement suit. And that, in and of itself, is an example of a situation where the first-to-file rule should be applied. And then you have the Eastern District of Texas case being so far along, and the Eastern District of Texas being perfectly capable to apply California law to handle all of Huawei's affirmative defenses. And there's no reason that the Eastern District of Texas is not equipped to handle any of the issues that are being discussed today. And you would be okay, you'd be fine, if we were to do that? I mean, apparently you're saying we have the authority, but you're not opposed to that? We are not opposed to an affirmance on other grounds that the first-to-file rule applies to the entirety of the second medical claim. And in fact, the third-party beneficiary claim has been pleaded as a counterclaim in the Eastern District of Texas action, and discovery as we speak is ongoing on that very issue. If you have no further questions, I'll reserve the remainder of my time. Okay. Thank you. I'll hopefully be brief. Judge Taranto, you've been puzzling with us over the question of whether a third-party beneficiary argument claim is an all-or-nothing. I don't think that it's an all-or-nothing. It goes to the particular promises. But I think it's worth considering a couple of things that are relevant here with regard to that question that you've raised with me in particular about the applicability of the form selection clause. If you look at the language, and I have to be careful because this agreement is under seal, but if you look at the language of 9.1, it applies to any suit. I think I can say that without going afoul of the confidentiality restriction. But it applies to any suit. It doesn't say by whom. In fact, it doesn't say between. It does not say between the parties to this agreement. It says any suit, broadly and unqualifiedly. And I think that in that context, it's worth taking a look again at the two California cases that are cited at the bottom of page 32 of our blue brief. One of them is named Sessions and the other is Knight. These are two cases involving whether a third-party beneficiary of another clause in the contract can also take advantage of an attorney's fee provision in the contract. And in one case, Sessions, it was held that the third-party beneficiary could not because the language was either party to the contract. But we don't have that language here. We have language that's much more akin to the Knight case where it said in that case the prevailing party would be entitled to attorney's fees. And in that case, the third-party beneficiary of another provision was also entitled to take advantage of the attorney's fees provision. So I think there's a very strong analogy here that where the contract under which we're claiming a third-party beneficiary right not to be subject to licensing discussions or be sued and so on also carries with it a form selection clause that broadly applies to any party, then I think the holding of Knight really would follow here as well and allow us to also take advantage of the form selection clause. Judge Reyna, you engaged my friend on the other side in questions about the preclusive effect. I think what he said here basically is that if, as I think the court, I won't say what's in the court's mind, but if the Prudy decision tells us that this distance holds at least premature under Rule 12b-6, then that needs to be changed. It can't simply be affirmed across the board because of the risk that our claims and I'm not sure my friend on the other side made a distinction on the record between claims and defenses. The claim would be precluded but not the defenses. I'd like to see how that plays out. I'll take that concession as far as it goes, but I'm worried that it might not go very far once, if this case were gone and we were back in Texas. Ultimately, though, what we're asking for is to have the agreement read as it is written. It confers a benefit on the class of customers that includes Huawei, and it says that these disputes should be resolved in California. For those reasons, the judgment should be reversed, and I thank the court for its patience. Thank you.